**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN MARCUS ZINMAN, | No.  2:25-CV-1004-DC-DMC-P (HC) |
| Petitioner, | |
| v. | ORDER |
| | and |
| BRIAN PHILLIPS, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Petitioner's motion to seal, ECF No. 6, motion for temporary restraining order and motion for injunction, ECF No. 18, and motion for clarification, ECF No. 20.

**I. BACKGROUND**

Petitioner filed the original petition for writ of habeas corpus on March 31, 2025. See ECF No. 1. This Court dismissed the petition and provided Petitioner leave to amend upon finding that "Petitioner's claim is largely indecipherable and, to the extent coherent, does not appear to relate to the fact or duration of Petitioner's present confinement." ECF No. 7, pg. 2 (citations omitted). Petitioner filed a first amended petition, ECF No. 9, and because it did "not plainly appear from the petition and any attached exhibits that Petitioner is not entitled to relief,"

1

the Court ordered Respondents to file a response within 60 days. See ECF No. 22. Throughout this action, Petitioner has filed a number of motions, and the Court will now address Petitioner's motion to seal, ECF No. 6, motion for temporary restraining order and motion for injunction, ECF No. 18, and motion for clarification, ECF No. 20.

### A.    Motion to Seal, ECF No. 6

Petitioner's motion to seal asserts that Petitioner's "devices were actually compromised/remotely accessed when messages of concern were sent and this compromise/cyber attack was certainly not contrived by [Petitioner]." ECF No. 6, pg. 1. Petitioner contends that he wants to file additional documents in support of his claims, that "will almost certainly be unfit for public filing." Id. Petitioner asserts that is because some documents "include content actively marked by United States entities as, 'For Official Use Only' (FOUO), 'confidential' and (previously) 'secret', a document from a foreign entity is marked as 'confidential.'" Id. Petitioner contends that other documents are from Petitioner's 'business [] marked as, 'TLP:AMBER' and, 'TLP:RED.'" Id. at 2.

For sealing documents, Local Rule 141 requires that requests to seal "forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." Local Rule 141 (b). The court starts "with a strong presumption in favor of access to court records," Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent — indeed, particularly because they are independent — to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir.1995)).

A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy. Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, where the material is, at most, "tangentially related to the merits of a case," the request to seal may be granted only upon a showing of "good cause." Id.

2

at 1097 1101.

In the operative petition, Petitioner asserts a claim of actual innocence, contending that he has evidence of a cyberattack that was not investigated and he "received new evidence from the FBI and the US Army and INSCOM." See ECF No. 9, pg. 4. The Court assumes that this "new evidence," includes some of the documents Petitioner seeks to seal in ECF No. 6. However, Petitioner does not explain what the documents would show or why such documents are necessary to make his claim. Further, Petitioner has not identified legal authority that supports Petitioner filing documents under seal. The Court finds Petitioner has therefore not met the standard to show that there are compelling reasons to support secrecy.  Thus, the undersigned will deny Petitioner's motion to seal, without prejudice. Petitioner is advised that any additional documents which he files will not be automatically sealed. Moreover, all documents on the docket, including all orders of the court, will be publicly accessible.

**B.    Motion for temporary restraining order and injunction, ECF No. 18**

Petitioner asserts that he received a "Notice of tax lien" on November 25, 2025, and therefore requests a hearing "to consider whether the Respondent or [footnote omitted] its affiliates, superiors, agents, or anyone/anything working in concert should be prohibited from seizing, possessing or even so much as touching or approaching Zinman/his property/his agents or affiliates [footnote omitted]." ECF No. 18, pg. 1. Petitioner argues that Respondent is "probably aware that Zinman is likely to prevail on habeas," and therefore, Respondent should "hold off on issuing the lien until, at least, habeas is heard." Id. Petitioner makes additional arguments related to the tax lien, see id. at 2, and attaches a number of documents to the motion, including: a "tax lien notice" issued by the State of California, sent to Petitioner, id. at 3-7, a handwritten "notice of recording a state tax lien in error," id. at 8, a document titled "how to avoid capital gains tax on a home sale," id. at 9-10, what appears to be documents from the Small Business Administration, id. at 11-13, and a State of Idaho Amendment to Certificate of Assumed Business Name, id. at 14.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the

3

moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  When a mandatory injunction is sought – one that goes beyond simply maintaining the status quo during litigation – the moving party bears a "doubly demanding" burden and must establish that the law and facts clearly support injunctive relief. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc).  Mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases."  Id. (internal quotations omitted).

To prevail on a motion for injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."  Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  Thus, there must be a nexus between the claims raised in the motion and the claims in the underlying complaint itself.  See id.  This nexus is satisfied where the preliminary injunction would grant "relief of the same character as that which may be granted finally."  See id. (quoting De Beers Consol. Mines, 325 U.S. 212, 220 (1945)).

Here, Petitioner seeks relief from a California state tax lien, which has no relationship to Petitioner's habeas petition. Given the relief requested is distinct from the relief available pursuant to a habeas challenge, Petitioner's motion lacks the nexus necessary to demonstrate relief is warranted. Thus, the undersigned will recommend denying Petitioner's motion for temporary restraining order, ECF No. 18.

**C.        Motion for Clarification/Revoking Consent, ECF No. 20**

In Petitioner's motion for clarification/revoking of consent, Petitioner expresses concerns with whether consenting to Magistrate Judge jurisdiction impacts his substantive rights and seeks to revoke his consent, if it "does deprive Zinman of any substantive rights. See ECF No. 20, pg. 1. Though Magistrate Judge jurisdiction does not deprive Petitioner of substantive rights, out of an abundance of caution, the Court will strike ECF No. 5. Given a District Judge is already assigned to the case, and that Petitioner's consent will be struck, the undersigned will deny Petitioner's motion for clarification as moot.

### III. CONCLUSION

Accordingly, IT IS HEREBY ordered and recommended as follows:

1.      It is ORDERED that Petitioner's motion to seal, ECF No. 6, is DENIED without prejudice.

2.      It is ORDERED that Petitioner's consent filing, ECF No. 5, is struck.

3.      It is ORDERED that Petitioner's motion for clarification/revoking consent is DENIED AS MOOT.

4.      It is RECOMMENDED that Petitioner's motion for temporary restraining order, ECF No. 18, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 3, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5